## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSE M. REGELMAN, | : | 4:09-cv-0024 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LEVEL 3 COMMUNICATIONS, | : | |
| LLC., | : | |
| | : | |
| Defendant. | : | Hon. John E. Jones III |

## MEMORANDUM AND ORDER

### October 26, 2009

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Before the Court in this action to recover overtime compensation is Plaintiff

Rose M. Regleman's ("Plaintiff" or "Regelman") Motion to Certify a Class

Conditionally ("the Motion") under the Fair Labor Standards Act, 29 U.S.C. §

216(b), filed on May 15, 2009.  (Doc. 30).    Plaintiff filed a "Collective and Class

Action" complaint, individually and on behalf of all similarly-situated employees

of Defendant Level 3 Communications ("Defendant" or "Level 3"), on January 7,

2009.  (Doc. 1).  Plaintiff seeks to represent all other "similarly situated persons

who work/worked for Defendant as an analyst at any time from three years prior to

the filing of Plaintiff's complaint through entry of judgment in this case."  (Doc.

30-2 p. 4) and asserts claims under the Fair Labor Standards Act of 1938, as

amended, 29 U.S.C. §§ 201-219 ("FLSA") and the Pennsylvania Minimum Wage

Act of 1968, 43 Penn. Stat. Ann. §§ 333.101-333.115 ("PMWA").[1]  Specifically,

Plaintiff asserts that Defendant violated 29 U.S.C. § 207 under the FLSA by

classifying some employees, including Plaintiff, as "exempt" and therefore not

paying overtime wages for hours worked in excess of forty hours per week.

Plaintiff further claims that Defendant violated the PMWA for the same

classification scheme.[2]   Defendant filed a brief in opposition to the Motion on June

12, 2009 (Doc. 33), and Plaintiff replied on June 26, 2009.  (Doc. 34).  With leave

of the Court, Defendant filed a Sur Reply on July 8, 2009, addressing Plaintiff's

alternative request for discovery raised in the Reply.  (Doc. 37).  Accordingly, this

matter is ripe for disposition.  For the reasons articulated below, we will grant the

Motion and conditionally certify the class of analysts named by Plaintiff.

## I.    BACKGROUND

Plaintiff, a Pennsylvania resident, is employed by Level 3, a Delaware

---

[1]Plaintiff initially asserted a claim under Pennsylvania's Wage Payment and Collection Law, 43 Penn. Stat. Ann. § 260.3, but the parties agreed in a stipulation adopted by the Court to dismiss that claim.  (Docs. 20, 22).

[2]The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) (suit under the FLSA "may be maintained against any employer ... in any Federal or State court of competent jurisdiction") and federal question jurisdiction over those claims pursuant to 28 U.S.C. § 1331.  Further, the Court has supplemental jurisdiction over Plaintiff's PMWA claims under 28 U.S.C. § 1367 because the claims derive from a "common nucleus of operative facts."

corporation with a principle place of business in Colorado, from approximately

May 23, 2005 until the present.[3]  (Doc. 1).  According to the Plaintiff, throughout

her employment with the Defendant she held various titles in which she was

classified as a "non-exempt," hourly employee.  (Affidavit of Rose M. Regelman

("Regelman Affidavit"), Doc. 30-3 ¶¶ 4-6).  She maintains that while classified as

"non-exempt" she did receive overtime pay at a rate of one and one-half times her

regular wage for all hours worked over forty hours in a week.  (Regelman

Affidavit, Doc. 30-3 ¶ 4).  Plaintiff claims that in May of 2008 her position title

was changed to "billing analyst," but her duties and responsibilities under her new

title remained substantially the same as her immediately preceding "account

consultant" position.  (Regelman Affidavit, Doc. 30-3 ¶ 5).  Her classification,

however, changed from a "non-exempt" wage employee to an "exempt" and

salaried employee.  (Regelman Affidavit, Doc.  30-3 ¶ 5).  Regleman claims that,

during the time she was classified as exempt from May 2008 until around

---

[3]We note that the duration of Plaintiff's employment is unclear because of inconsistencies between the pleadings.  In the Complaint, Plaintiff asserts her employment began in May 2005 (Doc. 1), while in the Affidavit accompanying the Motion Plaintiff notes that her employment began December 2006, (Regelman Affidavit, Doc. 30-3 ¶ 3), and proceeds to describe her positions beginning May 2005.  (*Id*. at ¶ 4). We understand that Defendant acquired Telcove, the company for whom Plaintiff was previously employed, in July of 2006.  (*See, e.g.*, Declaration of Susanna Ayers, Doc. 33-3).  Although the exact dates of Plaintiff's employment are presently irrelevant for purposes of the Motion, we request that the parties endeavor to more clearly detail the exact dates of employment in future filings.

December 27, 2008, she did not receive compensation for hours worked over forty

hours in a week.  (Regelman Affidavit, Doc. 30-3 ¶ 5-6).  Plaintiff estimates that

she worked, on average, fifty to fifty-five hours a week during this time.

(Regelman Affidavit, Doc. 30-3 ¶ 9).

Beyond her individual misclassification claims, Plaintiff also asserts that

"Defendant's pattern and practice of not paying overtime hours to non-exempt

salaried employees was not singularly applied to her, but rather was a widespread

practice through Defendant's many locations throughout the country."  (Doc. 30-2

p. 4).  As such, Plaintiff requests to represent the following collective class:

> All persons who from January 7, 2006: (i) are/were current or former
> billing analysts, tax analysts, VIP analysts, senior billing analysts,
> senior tax analysts, cost analysts, pricing analysts, and finance analysts
> employed by Level 3 Communications; (ii) are/were not paid overtime
> compensation for work performed beyond forty (40) hours in a work
> week at a rate not less than one and one-half (1.5) times the rate at
> which they are employed; and (iii) choose to opt-in to this action.

(Doc. 30 p. 1).  Plaintiff maintains that conditional certification of this collective

class of analysts is appropriate because their respective claims are similar.  Plaintiff

alleges that Defendant similarly misclassified these employees and violated the

FLSA with respect to overtime wages and, therefore all collective class members

would be seeking substantially the same forms of relief.  (Doc. 30-2 p. 10 (citing

Regelman Affidavit ¶ 10)).  In addition to asserting that these other analysts were

similarly affected by Defendant's payment policies, Plaintiff further claims that her responsibilities as a billing analyst were substantially similar to the responsibilities of all analysts. (Doc. 30-2 (citing Regelman Affidavit, Doc. 30-3 ¶ 12)).

In response to Plaintiff's assertions, Defendant notes that "determining whether Plaintiff or any other analyst at Level 3 was properly classified as exempt will require highly individualized and fact-specific inquiries." (Doc. 33 p. 6). Defendant asserts that Plaintiff's own claims and litigation will not "guide the Court's consideration of the exempt status of other analysts" because Plaintiff's job duties are significantly different than the duties of the named analysts. (Doc. 33 p. 6). Defendant claims that Plaintiff's Affidavit is insufficient to establish that the positions are substantially similar or to support her claims, and details the job descriptions of each analyst position through the use of affidavits by employees. (*See* Doc. 33 pp. 8-14, Exs. A-M (detailing position descriptions and responsibilities); *see also* Doc. 37 pp. 9-12 (repeating same)). Defendant also maintains that conditional certification is inappropriate because "Plaintiff herself has not been able to generate sufficient interest in this lawsuit among her own colleagues ..." and no other employee has, at this point, filed a consent to join this action. (Doc. 33 p. 14).

## II.    DISCUSSION

The FLSA permits employees to maintain a representative action "for and in behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b) (2008).  A plaintiff must satisfy two requirements to proceed on behalf of a collective class under § 216(b): "(1) all of the plaintiffs must be 'similarly situated,' and (2) all of the plaintiffs must opt-in to the lawsuit by filing a written consent with the court."  *Stainslaw v. Erie Indemnity Co.*, 2009 WL 426641, \*1 (W.D. Pa. Feb. 20, 2009) (citing *Sperling v. Hoffman-LaRoche, Inc.*, 862 F.2d 439 (3d Cir. 1988)).  A collective action under the FLSA, therefore, differs from a class action maintained under Rule 23 of the Federal Rules of Civil Procedure in that potential employee-plaintiffs must elect to "opt in" to the former action, while potential class plaintiffs must "opt out" of the latter.  29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."); *see also Sperling*, 862 F.2d at 444.

"Although the FLSA does not define 'similarly situated,' the phrase contemplates individuals 'employed under the same terms and conditions.'" *Woodard v. FedEx Freight East, Inc.*, 2008 U.S. Dist. LEXIS 11919, 250 F.R.D. 178, 190-91 (citing 2 Les A. Schneider & J. Larry Stine, *Wage and Hour Law: Compliance and Practice* § 20.19.50).  To determine whether a plaintiff is

sufficiently "similarly situated" to the alleged group and, consequently, whether

the action is maintainable as a collective class action under § 216(b), district courts

employ a two-step process.  First, the court must decide whether a class should be

certified conditionally in order to give notice to the potential class members and to

allow for pretrial discovery regarding the individual claims.  *See Woodard*, 250

F.R.D. at 191.  After the class has been conditionally certified, notice and

opportunity to opt in has been given to the potential plaintiffs, and discovery has

been conducted, the court may then "be asked to reconsider the conditional class

certification to determine whether the 'similarly situated' standard has been met.'"

*Stainslaw,* 2009 WL 426641 at *1.

The present Motion is limited to the first step in the process; specifically,

Plaintiff is requesting that the Court conditionally certify a collective class of

analysts currently or formerly employed by Level 3 to allow for discovery

pertinent to the collective class allegations and to allow those employees the

opportunity to opt in.  When petitioning the court to conditionally certify a

collective action under the FLSA, a plaintiff's burden to demonstrate that the

named class is similarly situated is "relatively light,"  *Stainslaw*, 2009 WL 426641

at *1, and "the initial determination usually results in conditional certification."

*Woodard*, 250 F.R.D. at 191 (requiring a "modest factual showing" and allowing

conditional certification); *but see Evancho v. Sanofi-Aventis U.S. Inc.*, 2007 WL

4546100 (D.N.J. Dec. 19, 2007) (requiring "substantial allegations" that employees

were similarly situated and denying a motion for conditional certification).  The

burden in this preliminary certification is light because the risk of error is

insignificant: should further discovery reveal that the named positions, or

corresponding claims, are not substantially similar the defendants will challenge

the certification and the court will have the opportunity to deny final certification.

The Third Circuit has not yet determined what standard the District Courts

should apply at the conditional certification phase to determine whether a plaintiff

has adequately indicated that the named employees are similarly situated.  While

all District Courts require the two-step framework detailed above, the Courts are

divided as to the level proof required at the first step.  In some courts, a plaintiff

must only "merely allege" that similarly situated employees were injured as a

result of the employer's decision, policy, or plan to support conditional

certification.  *See, e.g. Goldman v. Radioshack Corp.*, 2003 WL 21250571, *8

(E.D. Pa. Apr. 16, 2003); *Sperling v. Hoffman-La Roche*, 118 F.R.D. 392 (D.N.J.

1988) *aff'd on other grounds* 862 F.3d 439 (3d Cir. 1988).  Other courts in this

Circuit have held that a plaintiff must make, at least, a "modest factual showing."

*See, e.g. Stainslaw*, 2009 WL 426641; *Bond v. Nat. City Bank of Pa.*, 2006 WL

1744474 (W.D. Pa. June 22, 2006) ; *Woodard*, 250 F.R.D. at 191 (citing *Smith v.*

*Sovereign Bancorp, Inc.*, 2003 U.S. Dist. LEXIS 21010, 2003 WL 22701017, \*2-3

(E.D. Pa. Nov. 13, 2003)).  Either standard sets a low bar for the plaintiff, with the

latter requiring at least some factual showing.

     In *Smith v. Sovereign Bancorp*, the United States District Court for the

Eastern District of Pennsylvania rejected the "mere allegation" standard, aptly

noting that applying that standard

> render[s] preliminary class certification automatic, as long as the
> Complaint contains the magic words: 'Other employees similarly
> situated.'  Under this rationale, any plaintiff who is denied overtime pay
> may file suit under FLSA and, as long as her complaint is well-pled,
> receive preliminary class certification and send court-approved notice
> forms to every one of her employer's hourly employees.  This is, at best,
> an inefficient and overbroad application of the opt-in system, and at
> worst it places a substantial and expensive burden on a defendant to
> provide names and addresses of thousands of employees who would
> clearly be established as outside the class if the plaintiff were to conduct
> even minimal class-related discovery.

2003 WL 22701017, \*2 (E.D. Pa. Nov. 13, 2003).  We agree with the rationale of

our sister court, and will adopt the "modest factual showing" standard to apply to

conditional certification.

     Defendant maintains that Plaintiff has failed to make a "modest factual

showing" that she was similarly situated to the employees she named in the

proposed class.  The Court disagrees.  We note that even when applying the

slightly more stringent "modest factual showing" standard, a plaintiff's burden in

demonstrating the propriety of conditional certification is light.  Plaintiff's

allegations and affidavit are, at this juncture, sufficient to support her Motion to

Conditionally Certify the named class.  Plaintiff has not requested certification of

*all* employees of Level 3 or even all exempt employees.  *See, e.g., Smith*, 2003 WL

22701017 (denying conditional certification of a collective class of all exempt

employees of Sovereign Bank).  Plaintiff affirms that she has personal knowledge

that other employees held specific and substantially similar positions, worked

schedules similar to her own, and were also adversely affected by Defendant's

alleged misclassification and payment policies.  This class is not overly

cumbersome to identify and notify, and Plaintiff sufficiently asserted their

similarities as a collective class.  Therefore, we will conditionally certify the

named class and allow the parties to proceed.[4]

## III.    CONCLUSION

For the reasons articulated above, the Court will grant the Motion for

Conditional Certification of the Proposed Collective Class (Doc. 30) and will

---

[4]We advise the Plaintiff that, although she satisfied her necessary burden on this Motion, she did so just barely.  We instruct that such a minimal showing is obviously insufficient to survive a challenge to final certification of a collective class, and recommend that Plaintiff focus her discovery accordingly.  Defendant will have ample opportunity to revisit the objections to certification it has raised, and we expect it will do so.

conditionally certify the following collective class:

> All persons who from January 7, 2006: (i) are/were current or former billing analysts, tax analysts, VIP analysts, senior billing analysts, senior tax analysts, cost analysts, pricing analysts, and finance analysts employed by Level 3 Communications; (ii) are/were not paid overtime compensation for work performed beyond forty (40) hours in a work week at a rate not less than one and one-half (1.5) times the rate at which they are employed; and (iii) choose to opt-in to this action.

We will modify to the scheduling deadlines discussed at the case management conference conducted on April 29, 2009 and allow the parties the appropriate time to attempt to negotiate a proposed notice for class members. An appropriate Order, including scheduling deadlines, follows.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.    Plaintiff's Motion for Conditional Certification of the Proposed Collective Class (Doc. 30) is **GRANTED**;

2.    The parties **SHALL** adhere to the following deadlines:

   a.    The parties will attempt to agree on a proposed notice to class members and shall file it on the docket by the close of business on November 16, 2009;

   b.    If the parties are unable to agree on a proposed notice, Plaintiff shall file a motion for approval of her proposed notice by December 7, 2009 and Defendant shall respond to that notice

by December 28, 2009;

3.      A status conference will be held after the deadline for class members

to opt-in and appropriate dates will be scheduled at that time.


/s/ John E. Jones III
John E. Jones III
United States District Judge